# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CLAYTON OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 15 C 1089 |
| | ) |
| BOARD OF EDUCATION OF THE | ) |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

WILLIAM T. HART, UNITED STATES DISTRICT JUDGE

This case is before the court for consideration of the parties' motions in limine.

## I. Plaintiff's Motions In Limine

Plaintiff has filed three motions in limine. The court notes that the three motions all bear the heading "Plaintiff's Motion in Limine No. 2," but they are in fact three separate motions. [98, 99, 100]

### A. Plaintiff's Motion in Limine 1 [98]

Plaintiff moves to bar evidence relating to the investigation of Plaintiff's Charges of Discrimination at the Illinois Department of Human Rights ("IDHR")

and the Equal Employment Opportunity Commission ("EEOC") filed on August 29, 2011 and April 30, 2013.  Plaintiff argues that any investigation by the IDHR or EEOC was suspended when Plaintiff voluntarily withdrew such charges.  Plaintiff contends that such investigations are incomplete.  Plaintiff argues that evidence of the investigations would confuse the jury, would be overly prejudicial to Plaintiff, and would not promote an efficient trial.  Defendant has not filed any opposition to this motion.  The court agrees that such evidence should be excluded.  Therefore, Plaintiff's motion in limine 1 [98] is granted.


B.  Plaintiff's Motion in Limine 2 [99]

Plaintiff moves to bar testimony of Angelica Govan ("Govan") in regard to Plaintiff's work performance.  Plaintiff argues that Govan was Plaintiff's subordinate and was years behind Plaintiff in terms of training, education, and on-the-job performance.  Plaintiff argues that Govan is not qualified to provide an opinion regarding Plaintiff's work performance.  Plaintiff contends that Govan's testimony would confuse the jury, would be overly prejudicial to Plaintiff, and would not promote an efficient trial.

Defendant has opposed the motion and argues that Govan should be able to testify as to her personal observations and opinions.  Defendant indicates that Govan will only offer lay person testimony and she will not be offered as an expert witness.  Govan is not qualified to give an opinion as to the quality of Plaintiff's work

performance.  However, Govan may testify as to her personal observations relating to Plaintiff's work performance.  Therefore, Plaintiff's motion in limine 2 [99] is granted in part and denied in part.

### C.  Plaintiff's Motion in Limine 3 [100]

Plaintiff moves to bar testimony of John Byrne ("Byrne") in regard to Plaintiff's work performance.  Plaintiff argues that Byrne was not Plaintiff's supervisor and was not in charge of maintenance.  Defendant indicates that Byrne will only offer lay person testimony and will not be offered as an expert witness.  Byrne is not qualified to give an opinion as to the quality of Plaintiff's work performance.  However, Byrne may testify as to his personal observations relating to Plaintiff's work performance.  Therefore, Plaintiff's motion in limine 3 [100] is granted in part and denied in part.

### II.  Defendant's Motions in Limine

Defendant has filed thirteen motions in limine.

### A.  Defendant's Motions in Limine 1-4 (Agreed Motions)

In Defendant's motion in limine 1, Defendant moves to bar any undisclosed witness from testifying at trial.  In Defendant's motion in limine 2, Defendant moves to bar any witnesses, except for Martine Miller (Miller), from being present in the

courtroom other than for their own testimony.  In Defendant's motion in limine 3, Defendant moves to bar any reference to settlement demands, offers, or settlement discussions relating to the instant action.  In Defendant's motion in limine 4, Defendant moves to bar any reference to settlement demands, offers, or settlement discussions relating to a prior action brought by Plaintiff against Defendant. Plaintiff has not opposed Defendant's motions in limine 1-4.  The court finds that such motions have merit, and Defendant's motions in limine 1-4 are thus granted.

### B.  Defendant's Motion In Limine 5

Defendant moves to bar any evidence or argument relating to the previously dismissed claims in this matter.  On September 6, 2016, the prior judge in this case granted Defendant's motion for summary judgment on all claims.  On August 14, 2017, the Seventh Circuit affirmed in part and reversed in part the prior judge's ruling.  The Seventh Circuit affirmed the judgment to the extent that it dismissed the age discrimination claim, and reversed the judgment to the extent that it dismissed the retaliation claim.  Defendant argues that Plaintiff should be barred from referencing evidence relating to his age discrimination claim.  Defendant also specifically lists certain examples of evidence that should not be introduced. Plaintiff indicates that he does not intend to relitigate his age discrimination claim. Plaintiff argues, however, that his retaliation claim does not exist in a vacuum.

The focus of this case in regard to the remaining retaliation claim will be on

an alleged conversation that Plaintiff had with Miller in January 2013, during which Plaintiff allegedly told Miller that Plaintiff had filed a complaint against Defendant. Plaintiff will be permitted to testify as to the facts of that conversation within the scope of Plaintiff's deposition testimony on that subject. Such testimony will provide an adequate factual foundation for Plaintiff's retaliation claim. Therefore, Defendant's motion in limine 5 is granted.

### C. Defendant's Motion In Limine 6

Defendant moves to bar any evidence, testimony, or argument relating to Plaintiff's age discrimination claims in the current and previous action brought by Plaintiff against Defendant. Defendant argues that such evidence would be irrelevant and overly prejudicial to Defendant. As indicated above in regard to Defendant's motion in limine 5, Plaintiff can testify consistent with his deposition testimony. Plaintiff will not be allowed to discuss his age discrimination claims in this action or his prior action. Defendant has shown that such evidence would be irrelevant and overly prejudicial. Therefore, Defendant's motion in limine 6 is granted.

### D. Defendant's Motion in Limine 7

Defendant moves to bar evidence, testimony or argument relating to events that occurred outside the relevant time period. Defendant argues that claims premised on any evidence regarding events that occurred prior to July 4, 2013, would be time-barred. Defendant is correct that Plaintiff cannot base his claims on facts that relate to events that occurred prior to the 300-day limitations period unless Plaintiff could proceed under the continuing violation doctrine. Plaintiff has not presented any evidence or arguments to support such a theory in this case in regard to the remaining retaliation claim. However, it is conceivable that some events that occurred prior to July 4, 2013, could still be relevant and admissible in this case. Defendant has not shown that a complete bar regarding all such evidence prior to trial is warranted. Therefore, the ruling on Defendant's motion in limine 7 is reserved. The court will rule on evidence relating to events that occurred prior to July 4, 2013, on a case-by-case basis.

### E. Defendant's Motion In Limine 8

Defendant moves to bar evidence, testimony, or argument about Plaintiff's prior positions or supervisors. Defendant contends that Plaintiff should not be able to introduce evidence relating to his prior positions or prior supervisors before December 2012, when he began serving as chief engineer under Miller. Defendant argues that such evidence is irrelevant and would be overly prejudicial to Defendant. Plaintiff will be allowed to testify as to his personal knowledge of his prior

performance reviews.  Plaintiff, however, will not be allowed to go into details concerning such reviews or discuss prior positions or supervisors.  Therefore, Defendant's motion in limine 8 is granted in part and denied in part.

### F.  Defendant's Motion in Limine 9

Defendant moves to bar Plaintiff from introducing evidence of Govan's age, job performance, or alleged reaction to her layoff.  Defendant contends that Govan was not Plaintiff's supervisor and is not a proper comparator in this case.  Defendant argues that such evidence is irrelevant, overly prejudicial and would confuse the jury.  Plaintiff contends that Miller evaluated both Plaintiff and Govan and Plaintiff indicates that he will compare how Miller evaluated each of them.  Plaintiff was a chief engineer and Govan was merely an assistant.  Defendant is correct that Plaintiff has not shown that Govan is a proper comparator or that her age, work performance, or reaction to her layoff would be relevant in this case.  To allow Plaintiff to delve into such matters would only confuse the jury, particularly since no age discrimination claim remains in this case and the sole claim at issue is a retaliation claim. Miller likely evaluated many employees, but the trial would not proceed efficiently if Plaintiff were allowed to have mini-trials to evaluate the performance reviews of employees who are not parties in this case.

Defendant has also shown that Plaintiff lacks personal knowledge regarding Govan's age.  In regard to the statement allegedly made by Govan regarding

Plaintiff's work performance after Govan was laid off, such a statement would be hearsay and Plaintiff has not provided a legitimate basis for the introduction of such evidence. Therefore, Defendant's motion in limine 9 is granted.

### G. Defendant's Motion in Limine 10

Defendant moves to bar the testimony of Denis Lechowicz (Lechowicz) and William Iacullo (Iacullo) who worked for Plaintiff's union. Defendant argues that neither person has personal knowledge of facts that are relevant in this case. Plaintiff contends that Iacullo can show that Miller had knowledge of the terms of the union contract and that Miller knew that Plaintiff could be subject to being laid off first with an unsatisfactory performance review. Specifically, Iacullo will testify that he was present at a meeting with Miller when the pertinent provisions of the union contract were discussed. Miller's knowledge of the contract terms is relevant in this case and thus Iacullo's testimony is relevant, although it appears to be only marginally relevant. In regard to Lechowicz it does not appear that he will offer any unique testimony and Plaintiff has not provided a sufficient basis to admit such redundant testimony. Therefore, the ruling on the motion to bar the testimony of Lechowicz is reserved and Iacullo can testify, but only on the limited issue referenced above. Therefore, Defendant's motion in limine 10 is granted in part and denied in part.

H. Defendant's Motion in Limine 11

Defendant moves to bar Plaintiff from introducing evidence relating to his absence from February 21, 2013 to April 10, 2013 taken under the Family Medical Leave Act of 1993. Defendant argues that such evidence is irrelevant, would be overly prejudicial to the Defendant, and would confuse the jury. Plaintiff argues that it is his understanding that Miller, at least in part, gave Plaintiff lower scores on attendance and dependability based upon Plaintiff's absence during the FMLA leave. Even if that could be established by Plaintiff, it would at best support a FMLA retaliation claim, not a retaliation claim brought under the Age Discrimination in Employment Act, which remains in this case. Therefore, Defendant's motion in limine 11 is granted. If Defendant opens the door by introducing evidence at trial relating to Plaintiff's FMLA absence, Plaintiff may ask the court to revisit this motion.


I. Defendant's Motion in Limine 12

Defendant moves to bar any reference to Plaintiff being forced to resign or any reference to the termination of Plaintiff's employment. Defendant contends that Plaintiff was told that he would be laid off effective November 15, 2013, and that Plaintiff voluntarily chose to resign on November 14, 2013. Defendant argues that Plaintiff thus was not forced to resign and did not have his employment terminated. In regard to Plaintiff being forced to resign, the record does not reflect that Plaintiff

has ever pursued such a theory in this case and Plaintiff has not pointed to evidence to support such an assertion. Plaintiff has, however, consistently indicated that his employment was effectively terminated. Plaintiff position is that he resigned on November 14, 2013, because of the impending layoff, which Plaintiff contends was not a legitimate layoff, and that his employment was effectively terminated. Plaintiff is entitled to argue his version of the facts and present his own theory in this case. Thus, Plaintiff can claim that he was laid off or terminated. Defendant has not shown that it will be overly prejudiced by such a reference at trial. Therefore, Defendant's motion in limine 12 is granted in part and denied in part.

### J. Defendant's Motion in Limine 13

Defendant moves to bar Plaintiff from speculating on reasons for other engineers' layoffs. Plaintiff opposes the motion arguing that he should be allowed to inquire regarding such matters to the extent that he has personal knowledge regarding such matters. Plaintiff, however, has not presented any facts that would indicate his supposed knowledge regarding the layoffs of other engineers is anything other than speculation. Therefore, Defendant's motion in limine 13 is granted.

## II. Exhibits

The parties have objected to certain exhibits. Defendant's objections to the introduction of the Charges of Discrimination (PX 1 and PX 2) and to Plaintiff's

2015 and 2016 Tax Returns (PX 7 and PX 8) are sustained.  Plaintiff's objections to the introduction of Plaintiff's Retirement Application (BOE 3), CPS Letter Accepting Plaintiff's Retirement (BOE 4), Byrne/Miller Email re Lawn Maintenance at School (BOE 72), Byrne/Miller Emails re Water Fountains (BOE 73), and Byrne/Miller Emails re Dirty Elevator (BOE 74) are overruled.  Plaintiff's objections to the introduction of Layoff Letters for employees other than Plaintiff (BOE 397-418) are sustained.

IT IS THEREFORE ORDERED that Plaintiff's motion in limine1 [98] is granted, and Plaintiff's motions in limine 2 and 3 [99, 100] are granted in part and denied in part. Defendant's motions in limine 1-6, 9, 11, and 13 [83, 84, 86, 87, 88, 89, 92, 94, 96, 101] are granted. Defendant's motions in limine 8, 10 and 12 [91, 93, 95, 102] are granted in part and denied in part. The ruling on Defendant's motions in limine 7 [90] and 10 [93] as it relates to Lechowicz is reserved.

Defendant's objection to PX 1, PX 2, PX 7, and PX 8 is sustained. Plaintiff's objections to BOE 3, BOE 4, BOE 72, BOE 73, and BOE 74 are overruled. Plaintiff's objections to the introduction of Layoff Letters for employees other than Plaintiff (BOE 397-418) are sustained.

_____
William T. Hart
United States District Court Judge

Dated: March 15, 2018